## HOSPITAL v. FOUNTAIN.

(Filed March 12, 1901.)

HOSPITALS AND ASYLUMS—*Indigent Insane—The Code, Sec. 2278—Acts 1899, ch. 1, Sec. 44.*

> Under The Code, sec. 2278, and Acts 1899, ch. 1, sec. 44, an insane person able to pay expenses at the State Hospital is not entitled to free admission.

ACTION by the State Hospital at Raleigh against G. M. T. Fountain, guardian of Nancy L. Hargrove, heard by Judge *A. L. Coble,* at October Term, 1900, of EDGECOMBE County Superior Court. From judgment for defendant, the plaintiff appealed.

*Shepherd & Shepherd,* for the plaintiff.
*G. M. T. Fountain, in propria persona.*

COOK, J. This is a controversy submitted without action under section 567 of The Code, upon appeal by the plaintiff from the judgment of the Superior Court.

It being admitted in the case that the defendant, Nancy L. Hargrove, is possessed of an estate sufficient to defray her expenses in the plaintiff Hospital, there are but two questions submitted for our decision: First, whether her estate is liable for her maintenance and treatment; second, is the institution required by law to maintain and treat her, as heretofore, without compensation?

Both of these questions are answered in section 2278 of The Code, which is in the following language: "In the admission of patients to an insane asylum, priority of admission shall be given to the indigent insane; provided that the boards of directors may regulate the admissions, having in view the curability of patients and the welfare of their in-

stitutions: *Provided further,* that said boards may, if there be sufficient room, admit other than indigent insane persons upon payment of proper compensation."

It is plainly expressed in said section that it was the paramount purpose of the Legislature to care for the indigent— an insane person whose property is insufficient to support himself and his family immediately dependent upon him.

This section of The Code is taken from the Acts of 1883, chapter 156, section 39, and we have searched in vain to find any Act repealing it. We find it substantially reenacted in chapter 1, section 44 of the Acts of 1899, which is as follows: "In the admission of patients to any State Hospital, priority of admission shall be given to the indigent insane: *Provided,* that the boards of directors may regulate admissions, having in view the curability of patients, the welfare of their institutions and the exigencies of particular cases: *Provided further,* that said boards may, if there be sufficient room, admit other than indigent patients. If any inmate of any State Hospital shall require private apartments, extras, or private nurses, the directors, if practicable, shall provide the same at a fair price, to be paid by said patient." So that, section 2278 of The Code is still in full force, except in such particulars as it may have been modified or changed by the last quoted section, which does not repeal the provision made for the "payment of proper compensation," but goes further and allows the directors to furnish private apartments, extras or private nurses, if practicable, for the use and comfort of those patients who are able to pay for it.

Thus the law is written and must be so held, unless it be in conflict with the Constitution, which we will now consider.

The former method of providing for the deaf mutes, the

blind and insane, at the expense of the counties of their residence, was changed by the Constitution of 1868, Article XI, section 10, which declared that "the General Assembly shall provide that all the deaf mutes, the blind and the insane of the State shall be cared for at the charge of the State." But this section was stricken out, and the following substituted in its place, to-wit: "The General Assembly *may* provide that the indigent deaf mutes, blind and insane of the State shall be cared for at the charge of the State" (the italicizing of "may" being ours), by an amendment submitted pursuant to the Act of 1879, chapters 254, 268 and 314, which was ratified at the election held in 1880, and has ever since formed a part of the organic law of the State. And the laws of the State show that no other charge has been authorized. However, the attention of the Court has been called by counsel to the fact that that section of the Constitution of 1868 is incorporated in the copy of the Constitution as published with the Acts of 1889, 1891, 1893, 1895, 1897 and 1899. By what means or for what purpose it was so published, is of no concern to the Court, and can have no effect other than to confuse and mislead, as seems to have occurred. *In re Hybart,* 119 N. C., 359.

The Constitution as amended in 1879 empowers the General Assembly in its wisdom and discretion to provide for the indigent at the charge of the State, or otherwise, and being silent as to the expense to be borne by those of sufficient property, we must conclude it was not intended that any requirement should be put upon the Legislative Department as to them.

There is error. The judgment must be reversed.